*448 The opinion of the Court was delivered by
Withers, J.
The difficulty of this case (and it is an instance of a large class of cases) arises out of the uncertainty of the language employed in the Act incorporating the town of Aiken, and that which amended it. The limits of the town were to be one mile radius, from the depot bridge of the railroad. By the Act of incorporation (Dec. 1885) it was made the duty of the Intendant and Wardens “ to keep all roads, streets and alleys, within the said limits, open and in good repair, and for that purpose they are invested with all the powers granted by law to the Commissioners of Roadsand for neglect therein they were subjected to like penalties imposed on such Commissioners. Power was also given to the Intendant and Wardens, “ to compound with persons liable to work on said roads, streets and alleys, and to release such persons as may desire it, upon the payment of such sum of money, &c;” and a resident within the limits was released from liability to road-duty beyond such limits. No additional powers as to roads, <fcc., were given by the Act of 1836; though the word used then was “highways,” instead of “ roads.” Indeed it is not easy to see an object in the Act of ’36, touching Aiken. In no particular ■ does the situation of the corporation seem to have been thereby altered, unless it be simply in the declaration as to the mode of collection of fines imposed by it. The question here (as it was in the indictment against this defendant, vide 6 Rich. 112) is this : What roads or highways, streets and alleys, within the corporate limits of Aiken, did the Legislature have in contemplation, when they used these words in 1835 and 1836? Did they refer only to such as were then open and in use, or to such as were designated on a certain plat or plan of a town called “ the town of Aiken,” constructed as early as September, 1834, at the instance of the South-Carolina Canal and Railroad Company ? In December, 1835, there seem to have been within the limits incorporated but two highways, to wit: the Edgefield and the Old Whiskey roads — unless, indeed, we add what was called, or designed to be called, Railroad avenue. Those two roads have been diverted, and perhaps the Old Whiskey road, *449 within the corporate limits, is nearly obliterated. Streets, lanes, alleys, as distinct from these, were not in existence, except as indicated in said plat or plan. If the Legislature used these words, having reference to said plan, then the result on the circuit (being a verdict for the defendant) was wrong; for notwithstanding we agree to the sound principles of corporation law, derived from Magna Oharta, the Constitution of this State and of the United States, commentators of received authority, and adjudged cases, which have been urged for this defendant, yet the Legislature were undoubtedly competent to set apart and devote to corporate and public uses such spaces upon freehold, within the corporate limits, as to them should seem good. Whatsoever of that kind the Legislature has actually done, invests such places with the character of streets or highways, and bars intrusion upon them; and the plaintiffs are authorized to proceed in the business of preparing them for actual use. Now the language of the Legislature is not of clear and precise import- — the subject-matter, as it regards the question here, is uncertain — there is a latent ambiguity — evidence and reasoning on both sides have been resorted to, in this case, as in that of the State vs. Lythgoe, for the purpose of expounding it. We cannot and need not repeat here all that has been and may be said on either hand. If the meaning of the words used by the Legislature be legitimately a question of doubt, and of fact — if evidence be legitimately receivable upon it — it should have gone to the jury — and this much was adjudged in the former case, in relation to a contest involving the very same point, resting upon the same basis, though the complaint of the plaintiffs, made through the State, related to a different street. But the instruction to the jury was, that no power had ever been given to the plaintiffs to open new streets in the town of Aiken, except by a strict compliance with the Act of 1825, (regulating the action of Commissioners of Roads,) that the power of the corporation was confined to the keeping open and in repair of such streets only as were in existence at the date of the charter • and that in that charter or the amendment of 1836, there was not the *450 slightest reference to the map of Pascalis & Dexter. Presuming always that the jury are guided by material instruction from the Court, when they find accordingly, it is manifest that they excluded from their deliberations any inquiry whether the Acts of Assembly adopted streets indicated upon the plan of Pascd-lis & Dexter. If this be right, it seems this Court ought to have remanded for a new trial the case of the State vs. Lythgoe, wherein the said inquiry was submitted to the jury, upon evidence ; then heard and their finding that the street then in question was established as a public road in the town of Aiken» was affirmed in this Court. It is true, the question of dedication by Randall, the defendant’s grantor, was also then involved, and it cannot be affirmed that the verdict did not turn upon it; and it is true, likewise, that Fairfield-street, then the subject of contest, and none other, might have been dedicated ; yet if the other inquiry was proper for the jury then, so it is now. We mean to rule nothing as to the sufficiency of the evidence, because the jury must respond to that. Nor do we mean to say that the Judge presiding may not submit to the Jury, according to his discretion, the impression which the facts have made upon his mind. In the present instance, we conclude from the report, that more was done — that in fact, the action of the Intend-ant and Wardens, under the Act of 1825 alone, was the point submitted to the jury.
The plaintiffs allege also a dedication of the street now in question, by Randall, and they adduced evidence to that point. Among the facts which they proposed to prove were, 1st, parol evidence that a well was dug by the corporation, and for general use, in Fairfield-street, at the instance of Randall, while he was owner of the defendant’s premises; 2nd, certain deeds of conveyance from Randall to Price, Jones and Price, of land outside that purchased from him by defendant. Such evidence was excluded ; the first, because the minutes of the corporate authorities were alone competent evidence — the second, because the deeds related to parcels of land other than defendant’s, and were res inter alios acta. The grounds of appeal impute *451 error in the exclusion of such evidence. We are of opinion, that upon the question of dedication, any act of Randall, before his conveyance to Lythgoe, and while he was proprietor of lands bounding on the streets that are claimed, were competent, even though the conveyances related to other parcels than that purchased by defendant. Suppose, for example, that Randall conveyed several parcels bounding at different points on the line of Y ork-street, recognized that street at each point, and the defendant’s parcel intervenes, that would be evidence fit for a jury as to his intention to dedicate, and an act of dedication of a street, a continuous way, an entirety — and it might be made, perhaps, the more cogent, if such declarations or acts, as the case may be, could be connected with a plat, delineating an entire line of street passing over all Randall’s tract of land. Evidence of the like character might be derived from the act of Randall in procuring a public well in another street, known only from its delineation on the same plat, but in circumstances the same as those in question and now claimed. Wherever intention, or the interpretation of the scope and effect of an act otherwise equivocal, is the question, such evidence may be quite pe rtinent. We conclude, therefore, that both descriptions of the evidence excluded should have been admitted. It is quite true, grave matters may remain, and it may be necessary to consider whether a highway of any kincf, much less a street in a town or city, can depend upon private interest and purpose, rather than upon the public convenience, discretion, or necessity: to consider, that in the case of both town and country a liability to repair may be a burden not to be imposed by the mere will of a person, expressed in the act of dedication; that in the case of a town, if a street be thus thrown upon a corporation, not only a liability to keep in repair would arise, and so possibly entail heavy and unnecessary burthen upon the treasury or labor of the town, but a liability moreover for damage to individuals for neglect to keep open and in good repair; that, therefore, the position is necessary that there should be evidence of acceptance, in behalf of the public by competent authority, or, in other circumstances, by *452 the public itself, indicated by use, for some period of time, long or short; and so on as to all considerations suggested in Carver’s case, or other authorities upon this subject. So, on the other hand, it may be necessary to inquire whether such acceptance, adoption or acquiescence — whatever may be necessary to be done to complete the dedication — shall be done eo instanti that the act of dedication is performed; or whether in just such a case as that of the town of Aiken, the evidence of acceptance, adoption or acquiescence shall be held to be qualified by its peculiar circumstances, touching sparseness of population, multiplicity of streets, the necessity to open them pari passu with increase of population, and to refrain from it until the demand for them shall arise, and-so-forth. These and like considerations affect the force and weight of the proof, and are not properly determinable here, and in advance. They may be met, and thus render the evidence excluded available, or they may not, and thus it may become useless.
It is the judgment of the Court that a new trial be ordered.
O’Neall, Wardlaw and Glover JJ., concurred.
Munro, J., dissented.

Motion granted.